1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   PEGGY TAYLOR,                    )  No. 05-2647-PJW
                                      )
11                  Plaintiff,        )
                                      )
12          v.                        )  MEMORANDUM OPINION AND ORDER
                                      )
13   JO ANNE B. BARNHART,             )
     Commissioner of the Social       )
14   Security Administration,         )
                                      )
15                  Defendant.        )
     _____)

16

17                               I.

18                          INTRODUCTION

19        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g),

20   seeking reversal of the decision by Defendant Social Security

21   Administration ("the Agency") denying her benefits.  Alternatively,

22   she asks the Court to remand the case to the Agency for further

23   proceedings.  After reviewing the record and for the reasons discussed

24   below, the Court finds that the decision of the Agency is not based on

25   substantial evidence and, for that reason, the case is remanded for

26   further proceedings consistent with this Opinion.

27

28

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was fifty-five years old at the time of the administrative hearing in this case.  (AR 42-43.)  She is a high school graduate and has one year of college.  (AR 45.)  She has not worked since 1990, when the Agency found that she was disabled and entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") due to a seizure disorder.  (AR 10.) Following a subsequent continuing disability review in 1997, an Administrative Law Judge ("ALJ") determined that Plaintiff was no longer disabled, and therefore no longer entitled to benefits.  (AR 79.)  This decision became final when the Appeals Council denied review.  (AR 23-24.)

Three years later, on September 15, 2000, Plaintiff filed for DIB and SSI benefits again, alleging disability since June 1, 1997.  (AR 99-101, 102, 314-15.)  She alleged that she was unable to work due to chronic colitis, degenerative arthritis of the lower neck bones, seizure disorder, and left hand and arm pain.  (AR 127.)  Following denials of her claims at the initial and reconsideration levels (86-89, 92-96), Plaintiff requested a hearing before an ALJ.  (AR 97-98). On July 24, 2002, an ALJ held a hearing in her case.  (AR 41-69.) Plaintiff appeared with counsel and testified.  Medical expert Samuel Landau and vocational expert Joseph M. Mooney also testified.

By decision dated August 19, 2002, the ALJ denied benefits. Following the five-step sequential evaluation procedure outlined in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ concluded at step one that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found

2

that Plaintiff suffered from severe impairments, consisting of degenerative disk disease and degenerative arthritis of the neck, low back, and shoulders, possible microscopic colitis, and possible seizure disorder.  At step three, she found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one of the listed impairments.  (AR 28.)  At step four, she determined that Plaintiff retained the residual functional capacity to perform a limited range of light work.  More specifically, the ALJ found that Plaintiff: 1) could lift twenty pounds occasionally and ten pounds frequently below the shoulder level; 2) could stand and/or walk for two hours out of an eight-hour day and sit for six hours out of an eight-hour day; 3) could not climb, balance, work at heights, or around unprotected machinery; and 4) could not operate a motor vehicle while at work.  (AR 27.)  With these limitations, the ALJ determined at step four that Plaintiff could not perform her past relevant work as an Attendance Clerk.  (AR 27.)  At step five, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform.  (AR 28.)  Accordingly, she concluded that Plaintiff was not disabled. (AR at 29.)

     Plaintiff appealed the ALJ's decision to the Appeals Council. The Appeals Council adopted the findings of the ALJ through step three.  (AR 10-12.)  However, it rejected the ALJ's analysis of the testimony of the vocational expert, and determined that Plaintiff could perform her past relevant work as an Attendance Clerk.  (AR 12.) Plaintiff appeals that finding.

1

III.

2

STANDARD OF REVIEW

3      "Disability" under the applicable statute is defined as the

4 inability to perform any substantial gainful activity because of "any

5 medically determinable physical or mental impairment which can be

6 expected to result in death or which has lasted or can be expected to

7 last for a continuous period of not less than twelve months."  42

8 U.S.C. § 1382c(a)(3)(A).  The Court may overturn the ALJ's decision

9 that a claimant is not disabled only if the decision is not supported

10 by substantial evidence or is based on legal error.  *See Magallanes v.*

11 *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

12      Substantial evidence "'means such relevant evidence as a

13 reasonable mind might accept as adequate to support a conclusion.'"

14 *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison*

15 *Co. v. NLRB*, 305 U.S. 197, 229 (1938).)  It is "more than a mere

16 scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d

17 599, 601 (9th Cir. 1998), and "does not mean a large or considerable

18 amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

19      "The Court must uphold the ALJ's conclusion even if the evidence

20 in the record is susceptible to more than one rational

21 interpretation."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

22 599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably

23 support either affirming or reversing the Agency's decision, this

24 Court must not substitute its judgment for that of the ALJ.  *See*

25 *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ

26 committed error but the error was harmless, reversal is not required.

27 *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th

28 Cir. 2004)(applying the harmless error standard).

4

1                                    IV.

2                                DISCUSSION

3          Plaintiff contends that the Appeals Council's finding that she

4    could return to her past relevant work as an Attendance Clerk is not

5    supported by substantial evidence.  For the following reasons, the

6    Court agrees.

7          The administrative record relating to Plaintiff's former

8    occupation, and what the vocational expert believed Plaintiff could

9    still do, is confusing.  At page 118 of the record, on a form she

10   submitted before the administrative hearing, Plaintiff identified her

11   former job as "Community Resource Worker" for the San Bernardino

12   Unified School District.  She described the job as follows: "I worked

13   students attendance records, lunch forms and took them home if they

14   had behavior problems."  (AR 119.)  On another form, also submitted

15   before the hearing, she listed the same job and described her duties

16   as follows: "checked on attendance, supervised children during lunch

17   time."  (AR 128.)  According to Plaintiff, this job required her to

18   walk for three hours a day and stand for two hours.  (AR 119.)  She

19   did not describe her job or detail her duties in her testimony before

20   the ALJ.  (AR 42-48-, 57-60.)

21         The record also contains submissions from a vocational expert and

22   a vocational analyst.  The vocational analyst identified Plaintiff's

23   work as Attendance Clerk/Monitor, and listed two Dictionary of

24   Occupational Titles ("DOT") classifications, 168.367-010 (Attendance

25   Officer/Truant Officer) and 219.362-014 (Attendance Clerk).[1]  (AR

26   _____

27        [1]  The Dictionary of Occupational Titles is "'the Secretary's
     primary source of reliable job information.'"  *Johnson v. Shalala*, 60
28   F.3d 1428, 1434 n. 6 (9th Cir. 1995), *quoting Terry v. Sullivan*, 903

                                     5

1   136.)  Vocational expert Joseph Mooney, who testified at the

2   administrative hearing and whom both the ALJ and the Appeals Council

3   relied on in reaching their decisions, described Plaintiff's former

4   occupation as "Attendance Clerk," but listed the DOT number as

5   168.367-010.  (AR 176.)  This was a mistake.  The job title for DOT

6   168.367-010 is "Attendance Officer," not Attendance Clerk, with the

7   alternative title of "Truant Officer."  The DOT provides the following

8   job description for this position: "Investigates continued absences of

9   pupils from public schools to determine if such absences are lawful

10  and known to parents."  DOT 168.367-010.  This job requires up to one-

11  third of the time outside, presumably walking or driving.  (*Id*.)  It

12  is a skilled position.  (*Id*.)  The job of "Attendance Clerk" under DOT

13  219.362-014, on the other hand, is not a skilled position and does not

14  require standing, walking, and driving.

15       The vocational expert testified that Plaintiff could still

16  perform her former job, absent the driving requirement.  (AR 62.)  In

17  Plaintiff's view, this former job the vocational expert was referring

18  to was the job of Truant Officer.  She argues that the vocational

19  expert's testimony that Plaintiff can still perform this job "is

20  absurd on its face and contrary to the DOT . . . ."  (Joint

21  Stipulation at 5.)  She argues that the job of Truant Officer under

22  DOT 168.367-010 requires that the individual drive, walk, and/or stand

23  in excess of what Plaintiff is capable of doing.  (*Id*. at 6-7.)

24  Plaintiff believes, therefore, that there was a conflict between the

25  vocational expert's testimony and the DOT.  She cites Social Security

26  Ruling ("SSR") 00-4p for the proposition that the ALJ should have

27  _____

28  F.2d 1273, 1276 (9th Cir. 1980).

6

1  questioned the vocational expert about the conflict.  Plaintiff argues

2  that, because there was no such inquiry, there is no evidence to

3  support the vocational expert's deviation from the DOT.  (*Id.* at 8.)

4      The Agency counters that what the vocational expert really meant

5  in both the form he submitted and his testimony was Attendance Clerk,

6  not Truant Officer.  It points out that Plaintiff never described her

7  job duties as those of a Truant Officer and notes that the vocational

8  expert specifically testified that Plaintiff's job was that of

9  "Attendance Clerk," and that her duties were more consistent with the

10  duties of DOT 219.362-014, a sedentary job well within Plaintiff's

11  residual functional capacity.  (*Id.* at 11-12.)

12      The Agency's arguments are not persuasive.  In order for a

13  claimant to be "not disabled" at step four, she must be capable of

14  performing either "[t]he actual functional demands and job duties of a

15  particular past relevant job" or "[t]he functional demands and job

16  duties of the occupation as generally required by employers throughout

17  the national economy."  *Pinto v. Massanari*, 249 F.3d 840, 845 (9th

18  Cir. 2001); 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).  Clearly,

19  therefore, before it can be determined whether she can perform her

20  past relevant work, especially as it is generally performed, it is

21  essential to properly identify her past relevant work.[2]  Although

22

23      [2]  Social security ruling provide that "[e]very effort must be
made to secure evidence that resolves the issue as clearly and
24  explicitly as circumstances permit."  SSR 82-62.  Such evidence can be
obtained from the claimant herself, her employer, or other informed
25  sources.  "Information concerning job titles, dates work was
performed, rate of compensation, tools and machines used, knowledge
26  required, the extent of supervision and independent judgment required,
and a description of tasks and responsibilities will permit a judgment
27  as to the skill level and the current relevance of the individual's
28  work experience."  SSR 82-62.

1    Plaintiff submitted forms which provide bare bones information about
2    her past job, there is scant information about Plaintiff's actual job
3    duties, and there is confusion even as to her actual job title.   This
4    confusion is exacerbated by the submissions of the vocational analyst
5    and the vocational expert, both of whom listed Plaintiff's former job
6    as DOT 168.367.010, i.e., Truant Officer.   (AR 136, 176.)   The Agency
7    seems to suggest that the Court should simply accept the Agency's
8    argument that the vocational expert made a mistake and that he meant
9    to opine that Plaintiff's job was as an Attendance Clerk under DOT
10   219.362-014, which she can still perform.   This, the Court is not
11   willing to do.   Both the ALJ and the Appeals Council based their
12   decisions on the vocational expert's opinion.   This opinion is
13   unclear, and the Court is not amenable to simply choose one
14   interpretation of the ambiguous evidence over another and arrive at a
15   decision.

16       The job as Plaintiff performed it required driving, which she can
17   no longer do.   The job of Truant Officer, as described in the DOT, is
18   too physically demanding for Plaintiff and, apparently, would require
19   driving as well, or a significant amount of walking, which Plaintiff
20   cannot do.   Thus, the only job that remains that Plaintiff could
21   possibly perform is "Attendance Clerk," DOT 219.362-014.   But it is
22   not clear that she ever performed this job.   Further, the vocational
23   expert never analyzed whether she could.   For these reasons, the Court
24   concludes that substantial evidence does not support the Agency's
25   final decision that Plaintiff could perform her past relevant work,
26   whatever that was.   Further, having insufficient information to
27   determine exactly what her duties were, any finding that Plaintiff
28   could perform her past relevant job as generally performed would be

1   pure speculation.   Accordingly, this matter requires remand for

2   further development.

3         The Agency asks the Court to look through the Appeals Council

4   decision to the ALJ's decision and conclude that there is substantial

5   evidence that Plaintiff could perform other work in the national

6   economy.   By doing so, the Agency argues, the Court could conclude

7   that any error in finding that Plaintiff could perform her past

8   relevant work was harmless error.   The Court disagrees.   Inasmuch as

9   the Appeals Council did not reach step five, there is no step-five

10  finding for this Court to review, and the Agency may not now rely upon

11  the ALJ's decision to meet its burden at step five.   *See Taylor v.*

12  *Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)("Judicial review is limited

13  to 'final decisions' of the Secretary . . . .   The district court

14  properly reviewed only the Secretary's final decision," which, in the

15  plaintiff's case, was the decision of the Appeals Council).   The Court

16  will not look through the Appeals Council's decision to determine

17  whether, by piecing together the Appeals Council's decision and the

18  ALJ's decision, the Court can fashion a reason to uphold the Agency's

19  decision denying benefits.

20        Even if the Court were willing to do so, it is not clear that the

21  Agency would prevail.   Assuming that Plaintiff cannot perform her past

22  relevant work either as she performed it or as the job is generally

23  performed in the national economy, the fact that there is other work

24  that she is physically capable of doing does not necessarily lead to

25  the conclusion that she is not disabled.   Rather, the ultimate

26  conclusion of disability would rest upon whether Plaintiff had

27  transferable skills from her past work to other light or sedentary

28  work.   If she had no transferable skills, Plaintiff would be found

disabled, even if physically capable of light work.[3]  *See* Rule 202.06

of Appendix 2, Subpart P, 20 C.F.R. Part 404.  On the other hand, if

there are transferable skills, the Regulations would direct the

opposite conclusion.[4]  *Id*. at Rule 202.07.  Accordingly, the matter

requires remand for further development concerning the exact nature of

Plaintiff's past relevant work.  If it is determined that Plaintiff is

unable to perform her past relevant work as actually performed and as

generally performed, the ALJ will be required to make a new step-five

determination.  A vocational expert should again be called.  The ALJ

should inquire of the vocational expert whether there are any

conflicts between his or her testimony and the DOT, seek reasonable

explanations concerning any conflict, and make sufficient findings

concerning resolution of the conflict.  *See* SSR 00-4p.

---

[3]  At her date last insured, June 30, 2002, Plaintiff was already
of "advanced age"–i.e., fifty-five years old.  20 C.F.R.
§§ 404.1563(e), 416.963(e).

[4]  The ALJ's citation to Rule 202.08 as a framework for reference
in his Findings (AR 28, 29), rather than Rule 202.07, suggests that
she did not consider Plaintiff to have transferable skills.  In fact,
the ALJ indicated that the jobs cited by the vocational expert as
those Plaintiff could still perform were "unskilled."  (AR 29.)  If
Plaintiff does not have transferable skills, it does not matter that
there are other jobs which she was physically capable of performing at
the light or sedentary levels.  The Medical-Vocational Rules ("Grids")
would direct a conclusion of "disabled," rather than "not disabled,"
as found by the ALJ.  *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th
Cir. 1989)("W]here application of the grids directs a finding of
disability, that finding must be accepted by the Secretary.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V.

CONCLUSION

For all the foregoing reasons, the Court hereby REMANDS this case to the Agency for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED:      April 25. 2006

                                    /s/
                          _____
                          PATRICK J. WALSH
                          UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\TAYLOR, P 2647\Memo Opinion.wpd

11